## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DET DIESEL EMISSION TECHNOLOGIES, LLC,** | § § § § § § § | |
| **Plaintiff** | § § | |
| **v.** | § § | **Civil Action No. 3:26-cv-00916** |
| **DPF ALTERNATIVES LLC, COLLATERAL RESOURCES, LLC d/b/a DPF ALTERNATIVES GREELEY, CO; DPF ALTERNATIVES GRAND JUNCTION, CO; DPF ALTERNATIVES IOWA LLC; LUSTER DUSTERS, LLC d/b/a DPF ALTERNATIVES OF SOUTHERN KENTUCKY; DPF ALTERNATIVES CENTRAL & MIDWEST OHIO; DPF ALTERNATIVES, LLC d/b/a DPF ALTERNATIVES AUBURN, WA; DPF CLEAN TECHNOLOGIES, INC.; DPF ALTERNATIVES OF SOUTHERN INDIANA LLC; DPF ALTERNATIVES WEST HOUSTON; DPF SOURCE HOLDINGS, LLC; DPF SOURCE, LLC; and NEW CORE, LLC** | § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | | |

### COMPLAINT

DET Diesel Emission Technologies, LLC ("DET" or "Plaintiff"), by and through its undersigned counsel, brings this action against DPF Alternatives, LLC ("DPF"), Collateral Resources, LLC d/b/a DPF Alternatives Greeley, CO ("DPF Greeley"); DPF Alternatives Grand Junction, CO ("DPF Grand Junction"); DPF Alternatives Iowa LLC ("DPF Iowa"); Luster Dusters, LLC d/b/a DPF Alternatives of Southern Kentucky ("DPF Kentucky"); DPF Alternatives Central & Midwest Ohio ("DPF Ohio"); DPF Alternatives, LLC d/b/a DPF Alternatives Auburn, WA ("DPF Washington"); DPF Clean Technologies, Inc. ("DPF Clean Technologies"); DPF

1

Alternatives of Southern Indiana LLC ("DPF Indiana"); DPF Alternatives West Houston ("DPF Houston"); DPF Source Holdings, LLC ("DPF Source Holdings"); DPF Source, LLC ("DPF Source") and New Core, LLC (collectively "Defendants") and alleges, on knowledge as to its own actions and otherwise, upon information and belief, as follows:

## Parties, Jurisdiction and Venue

1. Plaintiff DET Diesel Emission Technologies, LLC ("DET") is a Texas limited liability company located in Coppell, Texas.

2. Defendant DPF Alternatives LLC ("DPF") is a Colorado limited liability company located in Highlands Ranch, Colorado. DPF is subject to the personal jurisdiction of this Court because it has filed several lawsuits against DET that have been transferred to Texas and is subject to personal jurisdiction in Texas due to its dealings with DET in Texas and acts of infringement committed in Texas.

3. Defendant Collateral Resources, LLC ("DPF Greeley") is a Colorado limited liability company or general partnership affiliated with Justin Strohmeyer that operates under the name "DPF Alternatives Greeley", with a location for service at 315 First Street, Box 7, Pierce, CO 80650, where it may be served.

4. Defendant DPF Alternatives Grand Junction, CO ("DPF Grand Junction") is a business entity affiliated with Kelly Baier located at 510 Fruitvale Court, #C, Grand Junction, CO 81504, at which it may be served.

5. Defendant DPF Alternatives Iowa LLC ("DPF Iowa") is an Iowa limited liability company affiliated with Jonathan Laverty and Anthony Hodges, which operates under the name "DPF Alternatives Des Moines, IA", and is located at 2004 Hempstead Drive, Unit D, Pella, IA

2

50219. It may be served by way of its registered agent, Jonathan Laverty, at 315 Fairview Drive, Oskaloosa, IA 52577.

6.      Defendant Luster Dusters, LLC ("DPF Kentucky") is a Kentucky limited liability company affiliated with Tyson Phillips, which operates under the name "DPF Alternatives of Southern Kentucky", and is located at 588 Lee Carter Road, Austin, KY 42123. It may be served by way of its registered agent, Tyson Phillips, 1249 Pleasant Point Church Road, Austin, KY 42123.

7.      Defendant DPF Alternatives Central & Mid West Ohio ("DPF Ohio") is a business entity or sole proprietorship affiliated with Randy Covault and Justin Covault, located at 144 South Miami Avenue, Bradford, OH 45308, where it may be served.

8.      Defendant DPF Alternatives LLC, which does business under the name "DPF Alternatives Auburn, WA" ("DPF Washington") and is affiliated with Kevin Serapin, is a Washington limited liability company located at 3040 B Street NW, Suite 15, Auburn, WA 98001, where it may be served.

9.      Defendant DPF Clean Technologies, Inc. ("DPF Clean Technologies") is a Georgia corporation affiliated with Joshua Troseth, located at 140 Auburn Park Drive, Auburn, GA 30011, where it may be served.

10.      Defendant DPF Alternatives of Southern Indiana LLC ("DPF Indiana") is an Indiana limited liability company affiliated with Brandon Buller and Tim Buller, which is located at 8499 W US Hwy 150, Hardinsburg, IN 47125, where it may be served.

11.      Defendant DPF Alternatives West Houston ("DPF Houston") is a business entity or sole proprietorship affiliated with Jenna and Keith Lindermann located at 2121 Brittmoore Road, Suite 280, Houston, TX 77043, where it may be served.

12.    Defendant DPF Source Holdings, LLC ("DPF Source Holdings") is a Colorado limited liability company affiliated with Pedro Junior Reyes, located at 1745 Shea Center Drive, Fourth Floor, Highlands Ranch, CO 80129.

13.    Defendant DPF Source, LLC ("DPF Source") is a Colorado limited liability company affiliated with Pedro Junior Reyes, located at 1745 Shea Center Drive, Fourth Floor, Highlands Ranch, CO 80129.

14.    Defendant New Core, LLC is a Colorado limited liability company affiliated with Pedro Junior Reyes, located at 1745 Shea Center Drive, Fourth Floor, Highlands Ranch, CO 80129.

15.    The entities listed in Paragraphs 3 to 11 above are franchisees of DPF and are hereafter referred to collectively as "the DPF Franchisees".

16.    The entities listed in Paragraphs 12 to 14 above are affiliated with DPF with respect to marketing and sales and are hereafter collectively referred to as "the DPF Affiliates".

17.    The DPF Franchisees and DPF Affiliates are subject to personal jurisdiction in Texas due to their dealings with DET in Texas and acts of infringement committed in Texas.

18.    The claims brought against DPF, DPF Franchisees and DPF Affiliates are asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same series of transactions or occurrences relating to the infringing behavior, and there are questions of fact common to all said parties that will arise in this action, particularly in light of the fact that the DPF Affiliates and DPF Franchisees are utilizing infringing technology that they are using subject to their agreements with DPF as affiliates and franchisees. All of these parties can therefore be joined in this action under 35 U.S.C. § 299(a).

19.    The Court has subject matter jurisdiction over this matter based upon federal question jurisdiction under 28 U.S.C. § 1338 because this case involves claims under patent statutes of the United States.

20.    Venue is proper in the Northern District of Texas based on the propriety of venue as to DPF's claims against DET that are already pending in several actions in this district such as Civil Action No. 3:24-cv-01953-B *inter alia*, as well as under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b).

## Factual Background

### *DET's Business*

21.    DET is a business based in Coppell, Texas. DET and its personnel have spent over 20 years manufacturing equipment and products for use in the diesel engine industry. Specifically, the purpose of DET's products and methods is to allow for the replacement and/or installation of diesel particulate filters, which remove diesel particulate matter from the exhaust gas of a diesel engine.

22.    DET has developed its equipment and processes for this purpose over the preceding two decades. Throughout that time period, DET did not disseminate its equipment or processes or the intellectual property regarding them to the public or individuals outside of DET.

23.    In 2019, DET began developing new processes and equipment, including presses and additional components for use therewith, designed for DET's customers to use in "recoring" existing emission control housings within diesel engines' diesel particulate filters. Christened "Recore", these processes and designs uniquely required the removal or extraction of an existing emission control core and allowing the installation of a new functioning core ("Recore Intellectual Property").

24.    As developed and designed by DET, the Recore Intellectual Property allows for the quick removal of an old core within the diesel particulate filter and the insertion of a new core into the housing, with much reduced effort, equipment, and necessary inventory.

25.    Recore kits can be utilized across many parts supplied by original equipment manufacturers, and their availability substantially reduces the inventory requirements of a repair facility.

### The '663 Patent

26.    The "Recore Intellectual Property" is the subject of a patent issued by the United States Patent and Trademark Office, U.S. Patent No. 12,502,663 ("'663 Patent").

27.    DET is the owner of all rights, title and interests in the '663 Patent, entitled "Process for Replacing a Core of Diesel Emission Control Device," which was duly and lawfully issued by the United States Patent and Trademark Office on December 23, 2025. A true and correct copy of the '663 Patent is attached as Exhibit A and made a part hereof.

28.    The '663 Patent lists Mike VanPatten and Pete Lambe as inventors.

29.    The '663 Patent is a divisional patent of U.S. Patent 12,048,920 ("'920 Patent"), which is the subject of ongoing litigation between DET and DPF in Civil Action No. 3:24-cv-01953-B currently pending in this District.

30.    The '663 Patent has not been licensed to any of the Defendants.

### DPF Alternatives LLC, its Affiliates and Franchisees, and "New Core"

31.    Beginning in 2021, a group of entities and individuals fronted by DPF began communicating and negotiating with DET about agreements to license DET's Recoring equipment and process.

32.    As part of these efforts, certain of these entities signed Confidentiality Agreements with DET, which include a number of provisions requiring them to preserve the confidentiality and not disseminate technology affiliated with those efforts beyond authorized individuals and entities. DET also signed such an agreement.

33.    In 2021 and 2022, a number of DPF's franchisees ultimately agreed to license DET's Recoring equipment, methods, products, and process, and signed Master Services Agreements with DET, by which they began utilizing DET's equipment, methods, products, and process.

34.    The Master Services Agreement and Confidentiality Agreements established various provisions that the signatory was required to abide by in the use of DET's equipment, methods, products, and process for recoring. By way of the Master Services Agreements, DET established a business relationship with the signatory to allow it to use DET's equipment, methods, products, and process for the recoring and resale of diesel emission control devices using new cores.

35.    However, DPF had its own agreements and arrangements with these entities, which it took advantage of to gain unlawful access to DET's confidential and proprietary information. DPF and its franchisees with access to information about "Recore" ultimately obtained that information and placed it in DPF's possession, disclosing DET's proprietary equipment, methods, products, and process outside of those individuals and entities authorized by DET under the agreements, without DET's consent. Specifically, these equipment, methods, products, and process, along with affiliated information, were shared with DPF, which reused them to create a derivative technology and competing method it called "New Core".

36.     DPF thus unfairly began offering equipment, methods, products, and processes based on DET's intellectual property, trade secrets and confidential and proprietary information, through the DPF Affiliates, in an effort to take DET's business, customers, and opportunities.

37.     These actions constitute infringement of DET's intellectual property rights in a willful manner.

38.     The DPF Franchisees and DPF Affiliates named herein are all utilizing the "Recore" technology that is the subject of the '663 Patent, through their relationship with DPF. Thus, like DPF, the DPF Affiliates and the DPF Franchisees are infringing upon DET's rights under the '663 Patent.

### Count I – Direct Infringement of U.S. Patent No. 12,502,663

39.     DET repeats and re-alleges each and every allegation of the foregoing Paragraphs.

40.     As noted above, DET is the owner of all rights and interests in the '663 Patent, entitled "Process for Replacing a Core of Diesel Emission Control Device," which was duly and lawfully issued by the United States Patent and Trademark Office on December 23, 2025. A true and correct copy of the '663 Patent is attached as Exhibit A and made a part hereof. The '663 Patent has not been licensed to DPF.

41.     DPF operates a business that provides, among other services, cleaning and replacement of diesel particulate filter (DPF) units. (*See* https://dpfalternatives.com/company/about-us).  DPF partners with the DPF Franchisees to offer its services to customers.

8



**Screenshot from dpfalternatives.com**



**Screenshot from dpfcoring.com**

42.     DPF provides the DPF Franchisees with equipment, training, and other resources to enable the Franchisees to service DPF units.

43.     DPF provides DPF units to the DPF Affiliates to facilitate sales and marketing.

44.     One of the services provided by DPF and the DPF Franchisees is to replace cores of DPF units.

45.     DPF, the DPF Affiliates and the DPF Franchisees market and use a product called New Core that is used to remove and replace cores of DPF units.  DPF, the DPF Affiliates and the DPF Franchisees market and use at least two versions of New Core. For the purpose of this Complaint, the two versions of New Core are referred to as New Core 1 and New Core 2.  Both versions of New Core (collectively "the Accused Products") infringe the '663 Patent.

46.     The claim elements of the '663 Patent are correlated below to the Accused Products using information from public sources.

47.     A photograph of New Core 1 is set forth below.



**Photograph of New Core 1 obtained from dpfalternatives.com**

48.     New Core 2 was displayed at the Mid-America Trucking Show at the Kentucky Exposition Center in Louisville, Kentucky in March 2025 and at the HDAW show in Coppell, Texas in January 2026.  Photographs of the displayed New Core 2 are set forth below.

11



**New Core 2 displayed at the Mid-America Trucking Show on March 27, 2025**



**New Core 2 displayed at the Mid-America Trucking Show on March 27, 2025**



**New Core 2 photographed at the HDAW show on January 20, 2026**

49.     Upon information and belief, DPF, the DPF Affiliates and the DPF Franchisees have infringed and continue to directly infringe one or more claims of the '663 Patent, literally and/or under the doctrine of equivalents, by its manufacture, use, sale, importation, and/or offer for sale of the Accused Products under the Patent Act, 35 U.S.C. § 271.

50.     For example, upon information and belief, DPF, the DPF Affiliates and the DPF Franchisees have infringed and continue to directly infringe at least Claim 4 of the '663 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale in, and/or importing into the United States the Accused Products.

51.     By way of example, Claim 4 of the '663 Patent recites:

A process for inserting a replacement core into a DECD housing, comprising the steps of:

providing a core press station having a working platform;

placing a spacer onto the working platform;

aligning the DECD housing over the spacer;

coupling a stuffing funnel to the DECD housing;

wrapping the replacement core with a matting;

aligning the replacement core with the DECD housing; and

pressing the replacement core through the stuffing funnel and into the DECD housing until it abuts the spacer; and

removing the spacer from within the DECD housing.

52.     Upon information and belief, the Accused Products are used in processes that include each and every limitation of one or more claims of the '663 Patent, including at least Claim 4 as shown below.

53.    The Accused Products are configured to implement "A process for inserting a replacement core into a DECD housing." For example, see:

**New Core 1**:



**New Core 2**:



54.    The Accused Products are configured to "providing a core press station having a working platform." For example, see:

**New Core 1**:



**New Core 2**:



55.     The Accused Products include "placing a spacer onto the working platform."

**New Core 1**:

For example, see below:



**New Core 2**:

For example, see below:





56.     The Accused Products include "aligning the DECD housing over the spacer."

**New Core 1**:

For example, see below:



**New Core 2**:

   For example, see below:



DECD housing

spacer



57.    The Accused Products include "coupling a stuffing funnel to the DECD housing."

**New Core 1**:

For example, see below:



stuffing funnel

**New Core 2**:

For example, see below:



58.    The Accused Products include "wrapping the replacement core with a matting;

Upon information and belief, DPF wraps replacement cores with a matting. This is done to ensure

a seal around the core within the housing.

59.    The Accused Products include "aligning the replacement core with the DECD

housing." For example, see:

**New Core 1**:

## DPF Coring Industry

### Welcome to Newcore- Your Trusted Coring Service Provider. Patent Pending

Invest in your business by adding NewCore. Gain access to high-quality DPF cores, DOC cores, and new funnel releases.  Our Alignment tool/Funnel guides the filter into the housing seamlessly. If you have specific requirements, our in-house engineers can design a custom funnel for you. Our funnels are precision laser cut and countersunk, ensuring that the core is installed perfectly straight. Say goodbye to the guessing game.

**Excerpt from https://dpfcoring.com/**



**New Core 2**:



60.    The Accused Products include "pressing the replacement core through the stuffing funnel and into the DECD housing until it abuts the spacer."

**New Core 1**:

For example, see:



**New Core 2**:

For example, see:



61.    The Accused Products include "removing the spacer from within the DECD housing." Upon information and belief, use of the Accused Products require removing the spacer from within the DECD housing after the steps of pressing the replacement core through the stuffing funnel and into the DECD housing and abutment of the replacement core with the spacer.

62.    Upon information and belief, the Accused Products include each and every limitation of at least Claim 5 as shown below by the DPF New Core product.

63.     The Accused Products incorporate all of the features of Claim 4. DET repeats and re-alleges each and every allegation of paragraphs 51 through 61 as though fully set forth herein with respect to Claim 5.

64.     The Accused Products are configured for "determining an overhang distance between an unobstructed side of the DECD housing and a face of an existing core." Upon information and belief, determining an overhang distance is necessary when inserting a replacement core into a DECD housing.

65.     The Accused Products are configured for "stopping the pressing step when the replacement core is positioned approximately the overhang distance from the unobstructed side of the DECD housing."  Upon information and belief, the replacement core is stopped when the core is positioned approximately the overhang distance from the unobstructed side of the DECD housing.

66.     Upon information and belief, the Accused Products include each and every limitation of at least Claim 6 as shown below by the DPF New Core product.

67.     The Accused Products incorporates all of the features of Claims 4 and 5. DET repeats and re-alleges each and every allegation of paragraphs 51 through 65 as though fully set forth herein with respect to Claims 4 and 5.

68.     The Accused Products include "selecting the spacer based on the overhang distance." Upon information and belief, the spacer is selected based on the overhang distance to ensure proper fitment within the DECD housing.

69.     Upon information and belief, the Accused Products include each and every limitation of at least Claim 7 as shown below by the DPF New Core product.

70.    The Accused Products incorporates all of the features of Claim 4. DET repeats and re-alleges each and every allegation of paragraphs 51 through 61 as though fully set forth herein with respect to Claim 4.

71.    The Accused Products include "determining a housing flow direction of the DECD housing." Upon information and belief, determining a housing flow direction of the DECD housing is a part of the process used by the Accused Products.

72.    The Accused Products include "determining a core flow direction of the replacement core." Upon information and belief, determining a core flow direction of the replacement core is part of the process used by the Accused Products.

73.    The Accused Products include "aligning the core flow direction with the housing flow direction." For example, the below excerpt from https://dpfcoring.com/ states:

## DPF Coring Industry

### Welcome to Newcore- Your Trusted Coring Service Provider. Patent Pending

Invest in your business by adding NewCore. Gain access to high-quality DPF cores, DOC cores, and new funnel releases.  Our Alignment tool/Funnel guides the filter into the housing seamlessly. If you have specific requirements, our in-house engineers can design a custom funnel for you. Our funnels are precision laser cut and countersunk, ensuring that the core is installed perfectly straight. Say goodbye to the guessing game.

74.    Upon information and belief, the Accused Products include each and every limitation of at least Claim 8.

33

75. The Accused Products incorporates all of the features of Claim 4. DET repeats and re-alleges each and every allegation of paragraphs 51 through 61 as though fully set forth herein with respect to Claim 4.

76. The Accused Products include "selecting the stuffing funnel based on an inside diameter of the DECD housing and an outside diameter of the replacement core." Upon information and belief, use of the Accused Products include selecting a stuffing funnel based on an inside diameter of the DECD housing and an outside diameter of the replacement core. For example, see:

**Excerpt from https://dpfcoring.com/**

77. Upon information and belief, the Accused Products include each and every limitation of at least Claim 9.

78. The Accused Products incorporates all of the features of Claim 4. DET repeats and re-alleges each and every allegation of paragraphs 51 through 61 as though fully set forth herein with respect to Claim 4.

34

79.     The Accused Products include "inspecting an interior surface of the DECD housing." Upon information and belief, use of the Accused Products include inspecting an interior surface of the DECD housing, for example prior to inserting the replacement core.

80.     Upon information and belief, the Accused Products include each and every limitation of at least Claim 10.

81.     The Accused Products incorporates all of the features of Claim 4. DET repeats and re-alleges each and every allegation of paragraphs 51 through 61 as though fully set forth herein with respect to Claim 4.

82.     The Accused Products are configured to include "wrapping the matting with a wrapping material." Upon information and belief, use of the Accused Products include using a wrapping material to wrap the matting prior to inserting the replacement core to secure the matting to the replacement core.

83.     The infringement of the '663 Patent by DPF, the DPF Affiliates and the DPF Franchisees is willful and deliberate. At least as of December 23, 2025, the issue date of the '663 Patent, DPF, the DPF Affiliates and the DPF Franchisees have infringed and continue to infringe the '663 Patent despite an objectively high likelihood that its actions constituted infringement.

84.     The DPF Affiliates and DPF Franchisees are manufacturing, using, selling, importing, and/or offering to sell the Accused Products by way of their relationships with DPF, and are likewise engaged in infringement for the reasons stated herein.

85.     DET has been and will continue to be injured and damaged by the infringement of the '663 Patent by DPF, the DPF Affiliates and the DPF Franchisees.

### Count II – Indirect Infringement of U.S. Patent No. 12,502,663

86.     DET repeats and re-alleges each and every allegation of the foregoing Paragraphs.

87. DPF has had knowledge of the '663 Patent at least as of December 23, 2025.

88. Upon information and belief, at least as of December 23, 2025 and with knowledge of the '663 Patent, DPF is infringing the '663 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally inducing others to directly infringe the '663 Patent.

89. For example, upon information and belief, DPF induces affiliates, franchisees and/or end users, including the DPF Affiliates and the DPF Franchisees, to directly infringe (literally and/or under the doctrine of equivalents) the '663 Patent by using the Accused Products in the United States. Upon information and belief, DPF takes active steps, directly and/or through contractual relationships with others, with the specific intent, or at the very least, willful blindness, to cause them to use the Accused Products in a manner that infringes at least Claim 4 of the '663 Patent. Upon information and belief, DPF is performing these steps, which constitute induced infringement with the knowledge of the '663 Patent and with the knowledge that the induced acts constitute infringement. Upon information and belief, DPF is aware that the normal and customary use of the Accused Products by DPF's customers would infringe the '663 Patent. DPF's inducement is ongoing.

90. Upon information and belief, at least as of December 23, 2025 and with knowledge of the '663 Patent, DPF has also induced its affiliates and/or third-party manufacturers, shippers, distributors, retailers, or other persons acting on their or their affiliates' behalf, to directly infringe (literally and/or under the doctrine of equivalents) the '663 Patent by importing into the United States and/or selling or offering to sell in the United States the Accused Products. Upon information and belief, DPF takes active steps, directly and/or through contractual relationships with others, with the specific intent, or at the very least, willful blindness, to cause such persons to import, sell, or offer to sell the Accused Products in a manner that infringes at least Claim 4 of the

'663 Patent. Upon information and belief, such steps by DPF include, among other things, making or selling the Accused Products outside of the United States for importation into or sale in the United States, knowing that such importation or sale would occur; and directing, facilitating, or influencing DPF's subsidiaries, affiliates or third party manufacturers, shippers, distributors, retailers, or other persons acting on its or their behalf, to import, sell, or offer to sell the Accused Products in an infringing manner. DPF performs these steps, which constitute induced infringement, with the knowledge of the '663 Patent and with the knowledge that the induced acts would constitute infringement. DPF performs such steps in order to profit from the eventual sale of the Accused Products in the United States. DPF's inducement is ongoing.

91.     Upon information and belief, at least as of December 23, 2025 and with knowledge of the '663 Patent, DPF is infringing the '663 Patent under 35 U.S.C. § 271(c). The Accused Products are made or especially adapted for use that results in an infringement of the '663 Patent. The Accused Products include features that are not staple articles of commerce suitable for substantial non-infringing uses. The Accused Products are a material part of the invention claimed in the '663 Patent. The Accused Products are also sold, offered for sale, and used in configurations that do not have substantial non-infringing uses. The intended, normal use of the Accused Products results in infringement of the '663 Patent. DPF's contributory infringement is ongoing.

92.     DPF's acts of indirect infringement as stated herein have caused injury and damage to DET, and will continue to cause additional injury and damage to DET in the future.

### Demand for Jury Trial

93.     DET demands a jury on all issues so triable.

**Prayer for Relief**

WHEREFORE, DET respectfully prays for entry of a judgment in its favor and against DPF, the DPF Affiliates  and the DPF Franchisees as follows:

A.      Declare that DPF, the DPF Affiliates and the DPF Franchisees have infringed one or more claims of the '663 Patent, and such infringement has been willful;

B.      Award DET all damages adequate to compensate DET for DPF's, the DPF Affiliates' and the DPF Franchisees' infringement of the '663 Patent, and such damages be trebled under 35 U.S.C. § 284 and awarded to DET, with pre- and post-judgment interest;

C.      Adjudge and decree that this case is an exceptional case under 35 U.S.C. § 285, and award DET attorneys' fees, costs, and all expenses incurred in this action;

D.      Award DET all actual and compensatory damages;

E.      Award DET all equitable and injunctive relief the Court deems just and proper;

F.      Award DET its costs of court;

G.      Award DET its attorneys' fees;

H.      Award DET all prejudgment and post-judgment interest to which it is entitled by law; and

I.      Award DET such other and further relief which may be requested and to which it is entitled.

Dated: March 20, 2026.                    Respectfully submitted,

                                          */s/ M. Ross Cunningham*
                                          M. Ross Cunningham
                                          State Bar No. 24007062
                                          rcunningham@cunninghamswaim.com
                                          Alex Whitman
                                          State Bar No. 24081210
                                          awhitman@cunninghamswaim.com
                                          CUNNINGHAM SWAIM, LLP
                                          4015 Main Street, Suite 200
                                          Dallas, Texas 75226
                                          Telephone: (214) 646-1495
                                          Facsimile: (214) 613-1163

                                          Lekha Gopalakrishnan
                                          State Bar No. 24027332
                                          lgopalakrishnan@jw.com
                                          William Allen Moon
                                          State Bar No. 24065782
                                          wamoon@jw.com
                                          JACKSON WALKER LLP
                                          2323 Ross Avenue. Suite 600
                                          Dallas, Texas 75201
                                          Telephone: 214-953-6000

                                          **ATTORNEYS FOR DET DIESEL
                                          EMISSION TECHNOLOGIES, LLC**